FILED

DEC 3 1 2020

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

Pamela Lynn Cummings, *Sui Juris*

c/o 10940 Parallel Parkway, #197

Kansas City, Kansas state

(913) 269-5090

Bllitz487.pc@gmail.com

District Court of the United States

for the District of Kansas

PAMELA LYNN CUMMINGS
~~Defendant~~ Defendant
~~Plaintiff~~/Trust

Pamela Lynn Cummings, Executrix, Beneficiary,

And Administrator for the Trust

v.

NYMT LOAN FINANCING TRUST, et al.
NYMT-RP3
MERS/MERSCORP HOLDING, INC., et al
DAVID GOONE, CEO in his true character
WELLS FARGO BANK, N.A., as Trustee of the Security
National Mortgage Loan Trust 2005-2, et al
CHARLES W. SCHARF, CEO in his true character
SN SERVICING CORPORATION, et al
SECURITY NATIONAL MASTER HOLDING COMPANY, LLC, et al
ROBIN P. ARKLEY, II, DIRECTOR/PRESIDENT in his true character
JONI YORKS, SENIOR VICE PRESIDENT in her true character
JOHN AND JANE DOES 1-15
~~Defendants~~ Plaintiffs

Case No. ~~2020cv02664~~ 20-2664-JAR-JPO

NOTICE OF REMOVAL

WYANDOTTE COUNTY
DISTRICT COURT Case #s 2018-cv-251,
2020-cv-097 and 2020-cv-584

Right to Amend
Trial By Jury DEmand

## NOTICE OF REMOVAL
## PURSUANT TO 28 USC § 1443 AND THE U.S. CONSTITUTION

**COMES NOW,** Petitioner, Pamela Lynn Cummings Executrix, Administrator and Beneficiary

of the Trust Name "PAMELA LYNN CUMMINGS" and Pamela Lynn Cummings, a non-

corporate individual hereby notices the court of the enunciation of principal as stateds Haines v.

Kerner, 404 U.S. 519, wherein the court has directed that those who are unschooled with the law

making pleadings and/or complaints shall have the court look t the substance of the notice rather

than the form, and hereby files this Notice of Removal from the District Court of **Wyandotte**

1

County, Kansas Case #s 2020-CV-097, 2020-CV-584 and 2018-CV-251 to the district court of

the United States for the district of Kansas for the following reasons:

## I.    INTRODUCTION

The Petitioner, Pamela Lynn Cummings, brings this action before the court for remedy in this

civil action removal arising from the Respondents lack of Standing , Capacity, Jurisdiction and

engagement in fraudulent activity and practices.

## II.    JURISDICTION AND VENUE

All allegations in paragraph I, are incorporated herein by reference. Venue is proper in this court,

in that all causes of action complained herein occurred within the geographical area of this

Courts jurisdiction.  The district court of the United States, district of Kansas now has proper

jurisdiction for removal from District Court of Wyandotte County, Kansas, pursuant to, but not

limited to the following;

Statutory authorities: 29 USC 1343, 28 USC 1443, 28 USC 1331, 42 USC 1981, 42 USC 1983,

42 USC 1985, 18 USC 241, and 18 USC 242.  Moreover, this court is granted the express

authority to hear and adjudicate any questions arising under the Articles of Confederation,

Declaration of Independence, Statutes at Large, Constitution of the United States of America

(1789), Public Law 97-280, Treaties, and Maxims of Law.

1. Defendant notes for the Court's convenience that 28 USC 1443 (1) provides for the
removal of any and all types of state court cases for violations of equal right, with the
sole exception being only the following four (4) types of circumstances, pursuant to 28
USC 1445.

Although 28 U. S. C. 1443 provides: Any of the following civil actions or criminal
prosecutions, commenced in a State court may be removed by the Defendant to the district court
of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of
such State a right under any law providing for the equal civil rights of

2

the United States, or all persons within the jurisdiction thereof, another relevant portion of section 1443 provides:

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The State of Kansas lacks the jurisdictional authority to determine diversity, Standing, Fraud, Securities violations, and Evidence issues based on federal laws, the Constitution of the United States (1789), Articles of Confederation, Declaration of Independence, National Bank Act of 1864, Public Law 97-280 an Act of Congress, "the Bible is the Word of God", Maxims of law and Treaties being the supreme law of the land thus warranting removal. The State of Kansas has exceeded its jurisdiction and conspired against the Defendant's natural rights pursuant Constitution of the United States, State of Kansas, 42 USC 1981, 42 USC 1983, 42 USC 1985, 18 USC 241, and 18 USC 242. Plaintiff reserves all rights and remedies without waving any.

TPI as Executor and Beneficiary and Administrator of the "Trust (Birth Certificate a Security) known as PAMELA LYNN CUMMINGS" states this Removal to the district court of the United States is "of necessity" because damage against TPI in Personam is actionable under the above stated laws, Treaties, state, and Federal Laws. Defendant grants the district court of the United States jurisdiction and assumes original Article III standing in this action" At Law" pursuant to prior Treaties and to the Constitution of the United States, (1789) Article III Section 1 (Division of the Courts), and Section 2 ("The judicial power shall extend to all cases…"

### III. PARTIES

1. All allegations in paragraph I and II. Are incorporated herein by reference.

2. "Defendants et. al" New York Mortgage Loan Financing Trust, is a foreign corporation organized and existing by virtue of the Corporate and Trust laws of New York state,

3

represented by Martin Leigh, PC and Armstrong Teasdale PC. Mandi Hunter with Hunter Law Group and David Noyce Marinosci Law Group are joinders with Defendants Beverly Weber and Aaron Othmer.

3.  "TPI" at all times relevant to this Removal, has lived at 1107 N. 84th Terrace, Kansas City, Kansas since 1992. TPI is the, Executor/Beneficiary of the "Trust Name PAMELA L. CUMMINGS", a legal fiction dolus trust. Pursuant to Federal Rules of Civil Procedure Rule 19 (a)(A)(B)(i)(ii) the "Trust is an "indispensable Party" in all Controversies, Contract, Court Proceedings, and any and all Commercial Transactions. True certified copy of the Certificate of Live Birth is attached hereto and is made a part of this Removal as if fully set forth herein.

## IV. STATEMENT OF FACTS

All allegations in paragraph I., II. & III. Are incorporated herein by reference.

All allegations complained of in TPI's Removal commenced on or about July 29, 2005. TPI's Promissory Note and Mortgage pursuant to the Security Exchange Commission Act of 1933, 1934, 12 USC 24 paragraph 7, and 12 USC 1813 L1, are considered Investment Securities becoming the equivalent as cash or money when indorsed Pay To The Order Of.

1.  On or about July 29, 2005 ("TPI") was loaned her credit and executed a Promissory Note through lender Imperial Lending, LLC., hereinafter "I.L." and is attached hereto marked as "Plaintiff" Exhibit "A" and is made a part of this Removal as if fully set forth herein. page 2 paragraph 6 of **(Petition For Mortgage Foreclosure) Chapter 60 filed on March 26, 2018),** hereinafter "PFMF" filed by "ML". TPI rebuts the presumption that the documents (masterful forgeries) filed exist as of this filing and is made a part of this removal as fully set forth within.

4

2.  On or about August 2, 2005 a Mortgage was duly filed and recorded as noted on page 2 paragraph 8 of the "PFMF" and is attached hereto and is made a part of this Removal and is made a part of this removal as if fully set forth within.

3.  On or about January 24, 2006, I L., did convey, grant, bargain, sell, assign, transfer, and set over to Mortgage Electronic Registration Systems Assignment of TPI'S Mortgage (Security) with certain note (s) described therein with all interest as stated in Plaintiff Exhibit "D" and is made a part of this removal as fully set forth within.

4.  On or about September 17, 2008 "TPI" entered into Loan Modification Agreement with Wells Fargo Bank, N.A., as Trustee of the Security National Loan Trust 2005-2, not knowing that signing the Note created an Investment Contract for Lender to trade and believes that Plaintiff Exhibit "C" and is made a part of this removal as if fully set forth within.

5.  TPI was never given any notice or disclosure that the Note and Mortgage were being sold over and over third parties using various Trusts and believes no original Note and Mortgage are attached to the six (6) Allonges or exists as of the date of this filing.

6.  On or about Date, Loan Number, and Service Number (Redacted) Assignee by way of 1st Allonge to copy of Note as PAY TO THE ORDER OF: Christiana Bank & Trust Company As Owner Trustee For Security National Funding Trust. Assignor: Imperial Lending, LLC. Copies of six (6) Allonges and Indorsements attached hereto the copy of Promissory Note and is made a part of this Removal as if fully set forth herein Plaintiffs "Petition for Mortgage Foreclosure Chapter 60".

7.  **Legal Definition of Allonge: a paper attached to an instrument to provide space for additional endorsements: rider Note: Under Uniform**

**Commercial Code section 3-204(a), an Allonge must be so firmly affixed to the instrument that it becomes part of it in order for the endorsements to be valid.**

8. On or about, No Date and Loan Number Redacted on 2nd Endorsement Allonge to copy of Promissory Note as: Pay To The Order of: Christiana Bank & Trust Company, As Owner Trustee Of The Sequoia Funding Trust. By: Christiana Bank & Trust Company As Owner Trustee For Security National Funding Trust, By: SN Servicing Corporation, An Alaska Corporation, Its Attorney In Fact.

9. On or about, No Date and SNSC Loan Number Redacted, 3rd Endorsement Allonge to copy of Promissory Note as: Pay to the Order of: Wells Fargo Bank, N.A., as Trustee of the Security National Mortgage Loan Trust 2005-2, By Christiana Bank & Trust Company, as Trustee of the Sequoia Funding Trust By: SN Servicing Corporation, Its Attorney in Fact.

10. On or About, a Note dated: July 29, 2005, Loan Number Redacted, 4th Indorsement Allonge To copy of Promissory Note as: Pay to the Order of: Headlands Asset Management Fund III, Series D, LP, whose address is : 1401 Los Gamos Drive, San Rafael, CA 94903. Well Fargo Bank, N.A., As Trustee Of The Security National Mortgage Loan Trust 2005-2, By SN Servicing Corporation, Its Attorney In Fact.

11. On or about, no date, Loan number Redacted on copy of Promissory Note dated 7/29/2005, Alleged Beneficiary no longer of record, Imperial Lending, LLC is now the Original Lender in this 5th Allonge To copy of Promissory Note as: Pay To The Order Of: NYMT Loan Trust 2013 RP3, By: Headlands Asset Management, Fund III, Series D, LP.

6

12. On or about, no date, Loan Number Redacted on 6th Allonge To copy of Promissory Note dated 7/29/05 as: Pay To The Order Of: NYMT Loan Financing Trust By: NYMT Loan Trust 2013-RP3.

13. On or about March 28, 2014 at 2:31:00 PM and over eight (8) years later, For Value Received Mortgage Electronic Registration Systems, Inc., assigned and transferred to Headlands Asset Management Fund, III, Series D LP, a copy of the Mortgage is attached hereto and made a part of this removal as if fully set forth within.

14. On or about March 28, 2014 at 2:31:00 PM, Headlands Asset Management, Fund III, D LP for value received did grant, bargain, sell, assign, transfer, and set over to NYMT Loan Trust 2013-RP3, whose address is 275 Madison Ave., 32nd floor, New York, NY, 10016, a copy of the Mortgage is attached hereto and made a part of this removal as if fully set forth within.

15. On or before February 16, 2017, NYMT Loan Trust 2013-RP3, for value received did grant, bargain, sell, assign, transfer, and set over to NYMT Loan Financing Trust, whose address is 275 Madison Ave., 32nd Floor, New York, NY 10016, a copy of the Mortgage is attached made a part of this removal as if fully set forth within.

16. On or about July 31, 2017 a Rescission of Assignment of Mortgage stating, Whereas the undersigned did on (no date stipulated) erroneously recorded an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., (Assignor) to Wells Fargo Bank N. A., as Trustee of the Security National Mortgage Loan Trust 2005-2, a copy of the Rescission of Mortgage is attached and made a part of this removal as if fully set forth within.

17. On or About March 20, 2019, Honorable Constance M. Alvey District Court Judge, did sign an ORDER OF SALE in Breach of Private Bond, attached and is made a part of this Removal as if fully set forth herein.

18. On or about April 01, 2019, NYMT Loan Financing Trust through its Counsel of Record "M.L." and filed an unsigned Notice of Sheriff's Sale attached hereto and is made a part of this Removal as if fully set forth herein.

19. On or about April 2, 2019, a Notice To The Clerk Of Private Bond No.RA393427640US-AMRI-00001-1-KS And Acceptance Of By-Laws Of The Forum and Oaths attached hereto and marked TPI's Exhibit "F" and is made a part of this Removal as if fully set forth herein.

20. On or about April 23, 2019 Deputy Sheriff Michelle caused to be filed in the Clerk of Court Wyandotte County a document entitled "Sheriff's Return" with Attachments attached hereto and marked TPI's Exhibit "G" and is made a part of this Removal as if fully set forth herein.

21. On or about May 20, 2019 a Motion To Confirm Sheriff's Sale-Deficiency Waved was filed on the record by "M.L." on behalf of the "Defendant" attached hereto and is made a part of this Removal as if fully set forth herein in Breach of Private Bond.

22. On or about May 31, 2019 "M.L." caused to be filed on the record 'Defendants" Receipt/Application Of Judgment attached hereto and marked TPI's "I" and is made a part of this Removal as if fully set forth herein in Breach of Private Bond.

23. On or about June 03, 2019 an Order Confirming Sheriff's Sale- Deficiency Waived was filed on the record by "M.L.' on behalf of "Defendant" attached hereto and is made a part of this Removal as if fully set forth herein in Breach of Private Bond.

24. On or before June 20, 2019 TPI exercised her right of redemption within the 90-day period and did send "M.L." Counsel of Record for "Defendants" did receive by Registered Mail No. RE212338578US an "International Promissory Note" in the amount of $95,000.00 according to the right of redemption attached hereto Registered Mail No.RE212338578 Tracking Notice and is made a part of this Removal as if fully set forth herein.

25. On or about July 23, 2019 TPI's filed her Private Bond No.

26. Material Facts In Support of her Private Bond on the record of the Wyandotte County District Court Clerk's office. Clerk of Court failed to respond or rebut Affidavit point for point. Attached hereto and is made a part of this Removal as if fully set forth herein.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Breach of Contract as against all Defendants**
**Authority,**
**K.S.A. 84-3-101-605. K.S.A. 84-9-101-809.**
**(Wrongful Foreclosure)**

1. Plaintiffs realleges and incorporates by reference paragraphs 1 through 15, above, as though fully set forth herein.

2. This an action is for breach of Plaintiffs Note and Mortgage Agreement.

3. On January 10, 2006, Imperial Lending, LLC ("Imperial") assigned that certain"Note" and Mortgage (Security Instruments) to MERS.

4. On January 24, 2006, the Assignment of Mortgage, (together with the certain Note described therein with all interest, all liens, and any rights due or become due thereon) was filed in the Register of Deeds office in Wyandotte County, Kansas, Document

No.2006R-01748.

5.  On some date unknown to the Plaintiffs, Imperial sold Plaintiffs "Note" that it did not
    hold voiding sale to (by the 1st Allonge to Note) to Christiana Bank & Trust Company, as
    Owner Trustee of the Security National Funding Trust ("CB&T") now (WSFS) contrary
    to Kansas Law and Plaintiffs Mortgage Agreement Dated, July 29, 2005, by SN its
    Attorney-in-Fact.

6.  On April 1, 2008, Imperial dissolved its business operations in the jurisdiction of the
    State of Colorado and no longer exists after date above mentioned.

7.  Plaintiffs Mortgage Agreement states in particular at **page 11, No. 20 Sale of Note;
    Change in Loan Servicer, Notice of Grievance.** The Note or a partial interest in the
    Note (**together with this Security Instrument**) can be sold one or more times without
    prior notice to Borrower.

8.  CB&T through its Attorney-in-Fact SN did breach and circumvent the law when it failed
    to file an Assignment of Mortgage with the Wyandotte County, Kansas Register of Deeds
    as required by law thus breaching Plaintiffs Mortgage Agreement.

9.  CB&T continued the breach Plaintiffs Mortgage Agreement and the law when on some
    date unknown to the Plaintiffs sold the voided Note (by a 2nd Allonge to Note), to
    Christiana Bank & Trust, as Trustee for Sequoia Funding Trust, ("CB&T2") through its
    Attorney-in-Fact, SN, contrary to Kansas law.

10. SN continued to breach Plaintiffs Mortgage Agreement and the law by not filing in the
    Wyandotte County, Kansas Register of Deeds, an Assignment of Mortgage in the Name
    of CB&T2.

11. SN, Attorney-in-Fact for CB&T and CB&T2 did indorse Allonge voiding Plaintiffs Note

by an SN Corporate officer, Brett Summitt, Vice President (VP) who does not exist as a
signing officer according to Alaska Corporate law and biennial filings of
SN['s] Corporate Notice of Change, Officers, Directors and Shareholders.

12. SN, Attorney-in-Fact for CB&T2 and Wells Fargo, did sell on a date unknown to
Plaintiffs (by a 3rd Allonge to voided Note) to Wells Fargo Bank, N.A. as Trustee of the
Security National Mortgage Loan Trust 2005-2.

13. SN, Attorney-in- Fact for Wells Fargo, continued to breach Plaintiffs Mortgage Contract
and Kansas law by failing to file an Assignment of Mortgage in the Wyandotte County,
Kansas Register of Deeds in the name of Wells Fargo.

14. SN, Attorney-in-Fact for CB&T2 and Wells Fargo did unlawfully endorse an Allonge
voiding Plaintiffs Note by an alleged SN Corporate officer, Brett Summitt, VP, who does
not exist as a signing officer or employee according to Alaska Corporate law and biennial
filings of SN['s] Corporate Notice of Change, Officers, Directors, and Shareholders.

15. Pursuant to terms enumerated in Plaintiffs Mortgage, dated July 29, 2005; page 11,
Clause 20, Defendants have injured Plaintiffs due to their Breach of Contract committed
Against Plaintiff, consequently suffering damages over $75,000.00.

16. TPI realleges paragraphs.

17. "Defendants" misrepresentations of material facts and false statements in the "PFMF",
stating "A true and correct copy of the Promissory Note, Allonges, and Mortgage is
attached hereto and marked as "Plaintiff" Exhibit "A" and is made part of this Removal
as if fully set forth herein.

18. NYMT Loan Financing Trust lacks Standing having no power to foreclose and is not the
Holder in due course of any evidence of a Promissory Note, Allonges, or Mortgage in its

possession or that of a third party and believes none exist, even if the borrower is in

Default. *See McShares,Inc. v. Barry, 266 Kan.*

19.  Plaintiff illegally attempted to seize TPI's property, pursuant to the 4th amendment to the

Constitution of the united states of America (1789).

## SECOND CAUSE OF ACTION
### Forgery as against Defendants SN and MERS in particular
### Authority, K.S.A. 21-5823.

20. Plaintiffs realleges and incorporates by reference paragraphs 1 through 30, above, as

though fully set forth herein.

21. This cause of action by Plaintiffs for Forgery by Defendant SN Servicing Corporation.

22. On a date unknown to Plaintiffs, SN did utter a false writing as Attorney-in-Fact for

CB&T with the intent, did sell and transfer Plaintiffs voided Note by using the signature

of an unknown entity by the name of Brett Summitt, VP, on a Allonge to voided Note,

and there is no evidence to the contrary that he is a Registered VP & Officer of SN.

23. On a date unknown to Plaintiffs, SN did utter a false writing as Attorney-in-Fact for

CB&T2 with the intent, did sell and transfer Plaintiffs voided Note by using a signature

of an unknown entity by the name of Brett Summitt, VP on a Allonge on a voided Note,

and there is no evidence to the contrary that he is a Registered as VP of SN.

24. On July 19, 2013 MERS did use a masterful forgery of Notary Public, J Fuentes signature

on the sell and transfer of Plaintiffs Mortgage without the voided Note to HAM, with

intent to deceive Wyandotte County Register of Deeds and Plaintiffs in its filing of

Assignment.

25. Plaintiffs have been injured by Defendants SN and MERS in the forged Notary signature

proffered in the Wyandotte County, Kansas Register of Deeds No. 2014R-03800, and

consequently, suffered damages.

26. Pursuant to KSA 21-5823(a)(1),Plaintiffs have been injured by Defendants due to their

Forgery of unregistered officer of SN, Brett Summitt, VP signature on Allonge to

Voided Note of CB&T and CB&T2, and consequently suffered damages over

$75,000.00 for each instance in this forgery cause of action.

### THIRD CAUSE OF ACTION
**Misrepresentation of Material Facts against Defendants, MERS, BSI, SN, HAM, NYMT-2 and NYMT**
**Authority, 33 U.S Code section 931, K.S.A. 84-2-721.**

27. Plaintiffs realleges and incorporates by reference paragraphs 1 through 37, above, as

Though fully set forth herein.

28. On September 17, 2005, Plaintiff entered into a Loan Modification with Wells Fargo

Bank, N.A., as Trustee of the Security National Mortgage Loan Trust, 2005-2, SN

Servicing Corporation as its Attorney-in-Fact, Joni Yorks, VP.

29. SN, misrepresents that Joni Yorks is an authorized VP Officer or employee of SN, and

has never been listed on any Alaska Business Corporation Biennial Report as required by

law, and no evidence of record of such a person on any official Alaska Corporate filing.

30. Defendant, SN misrepresented to Plaintiff to be in possession of the voided Promissory

Note and Mortgage instruments as "Lender" on September 17, 2008, date of the Loan

Modification.

31. The Wyandotte County, Kansas Register of Deeds will reflect that MERS held the Note

and Mortgage on the record as of January 24, 2006, Document No. 2006R-01748

assigned by Imperial to HAM on March 28, 2014.

32. On March 28, 2014, MERS transferred and sold to HAM, March 28, 2014 in the

Wyandotte County, Kansas Register of Deeds Document No. 2014R-03800, where MERS

assigned only the Mortgage without the Note as the Assignment language reflects.

33. Unlike the first assignment from Imperial to MERS, the purported assignment from MERS to HAM does not contain language effecting an assignment of the Note.

34. On a date unknown to Plaintiffs, HAM (by a 4th Allonge) did sell and transfer to Wells Fargo through its Attorney-in-Fact, SN Plaintiffs voided Note.

35. On April 15, 2014, BSI claimed in its B-10 Proof of Claim in the Arizona Bankruptcy Court (ABC), Case No. 2:13-bk-20696-MCW, claim 21-1 of 4, to be the Creditor and Servicer-in-Fact for NYMT Loan Trust 2013-RP3.

36. NYMT-2 misrepresented the facts on September 5, 2014, in its, "Motion for Relief from Automatic Stay", "Memorandum of Points and Authorities", to the ABC, Document No. 52-2 of 8, (Statement of Facts, 1.) to be in possession of the voided Promissory Note and Mortgage.

37. NYMT-2, misrepresents in their claim in the Statement of Facts to the ABC that Wells Fargo endorsed a Note to HAM while being in possession of MERS.

38. There is no evidence that MERS transferred Plaintiffs voided Note to HAM in the Assignment of Mortgage in the Wyandotte County, Kansas Register of Deeds, Document No. 2014R-03800.

39. On March 14, 2014, HAM misrepresents that its Assignment of Mortgage in the Wyandotte County, Kansas Register of Deeds, Document No. 2014R-03801 transferred the Plaintiffs voided Note and Mortgage together to NYMT2, no evidence to the contrary exist.

40. On a date unknown to Plaintiffs, HAM did sell and transfer to NYMT2 Plaintiffs voided Note and Mortgage by an Assignment of Mortgage filed in the Wyandotte County, Kansas Register of Deeds Document No. 2014R-03801, contrary to evidence of HAM ever owning Note.

41. On February 16, 2017, NYMT2 did sell and transfer to NYMT, Plaintiffs voided Note and Mortgage by an Assignment of Mortgage filed in the Wyandotte County, Kansas Register of Deeds, Document No. 2017R-02479.

42. On March 26, 2018, NYMT filed in the Wyandotte County. Kansas District Court, Case No. 18-cv-251, misrepresenting material facts using copies of counterfeit Securities to the detriment of the Plaintiff.

43. On January 31, 2019, a judgment order of foreclosure in favor of NYMT.

44. Pursuant to 33 US Code 931, and KSA 84-4-271, Defendants have injured Plaintiffs by their unlawful misrepresentation of material facts committed against them from on or after January 24, 2006 to the present and consequently suffered damages over $75,000.00.

### FOURTH CAUSE OF ACTION
### Accounting as against all Defendants
### Authority, K.S.A. 58-30,113. K.S.A. 84-3-101-605.

45. Plaintiffs realleges and incorporates by reference paragraphs 1 through 55, above, as Though fully set forth herein.

46. This cause of action of accounting as against all Defendants.

47. Plaintiff, did on July 29, 2005, did execute a Note in favor of Imperial Lending, LLC., in the principal sum of $63,000.00, together with interest (the "Note").

48. Plaintiff did three years later on September 17, 2008, executed a Loan Modification

Agreement in favor of Wells Fargo, SN, as its Attorney-in-Fact for the same sum of $63,000.00.

49. Plaintiff, did on December, 2, 2013, file in the United States Bankruptcy Court, District of Arizona a Chapter 13 case.

50. Plaintiff, as part of any Bankruptcy listed all creditors due and owing at the time including BSI.

51. Plaintiff at all times was current on the subject Kansas property, making payments to BSI outside of the Arizona Bankruptcy by agreement of the parties.

52. BSI, behalf of NYMT2, filed a B-10 Proof of Claim in the Arizona Bankruptcy Court claiming an amount of their Secured Claim to be $62,463.87.

53. Plaintiffs balance based on the BSI Proof of Claim some 67 (sixty-seven) months Later shown to be reduced by $536.13.

54. Pursuant to KSA 58-30,113(C) and KSA 84-3-101, Defendants have injured Plaintiffs by their accounting from on or after January 24, 2006 to the present and has suffered damages over $75,000.00.

55. TPI Paid Mortgage payments through 2016 to 2017 when mortgagee NYMT Loan Financing Trust refused to accept further mortgage payment from Defendant, PAMELA L. CUMMINGS.

## FIFTH CAUSE OF ACTION
### Counterfeit Securities as against all Defendants
### Authority, K.S.A. 17-12a101-12a611., 18 USC 495, 513(c)(1)(3)(A)(C), 514(a)(b)(c)

56. Plaintiffs realleges and incorporates by reference paragraphs 1 through 65, above, as Though fully set forth herein.

57. This cause of action for the use of counterfeit securities as against all Defendants.

58. Defendants have gained substantial profits from their fraudulent scheme to circulate Plaintiffs Note and Mortgage.

59. Defendants,between January 24, 2006 and August 30, 2019, have traded in Counterfeit Securities (copies of Plaintiffs Note & Mortgage) voiding every transaction between all Defendants.

60. Pursuant to KSA 17-12a101l-12a611., 18 USC 495, 513(c)(1)(3)(A)(C), 514(a)(b)(c), all Defendants injured Plaintiffs by circulating Counterfeit Securities (copies) of Plaintiffs voided Note and Mortgage between themselves January 24, 2006 to August 30, 2019 and has caused damages over $75,000.00.

61. Defendants knowingly breached Securities Act of 1933 and Security Exchange Act of 1934 rules and regulations in the facilitation of sale of TPI's Note and Mortgage loan which is required **on Form 8-K, Article II, Conveyance of Mortgage Loans; Representations and Warranties, Section 2.01. Conveyance of Mortgage Loans.**

### SIXTH CAUSE OF ACTION
#### Unjust Enrichment as against all Defendants
#### Authority, K.S.A. 60-3322-3323

62. Plaintiffs realleges and incorporates by reference paragraphs 1 through 70, above, as Though fully set forth herein.

63.  This cause of action of unjust enrichment as against all Defendants.

64. Defendants, MERS, et al, did from January 24, 2006 to present have unjustly enrich themselves at the expense of the Trust, known as PAMELA L. CUMMINGS, without knowledge of the Executrix and Beneficiary of the Trust, Pamela Lynn Cummings.

65. Pursuant to KSA 60-3322-3323, Plaintiffs have been injured by all Defendants who

enriched themselves trading Counterfeit Securities as copies of Plaintiff's voided Note

and Mortgage causing damages over $75,000.00.

### SEVENTH CAUSE OF ACTION
### Fraud as against all Defendants
### K.S.A. Article 1-33-101-106. Article 2-201-212.

66. Plaintiffs realleges and incorporates by reference paragraphs 1 through 74, above, as

Though fully set forth herein.

67. This cause of action of fraud on a Contract as against all Defendants.

68. Defendant SN, as Attorney-in-Fact for CB&T did sell and transfer Plaintiffs voided Note

without the Mortgage using an unregistered officer (Brett Summitt, VP) as signatory.

69. Defendant SN, as Attorney-in-Fact for CB&T2 did sell and transfer plaintiffs voided

Note (by Allonge) without an Assignment of Mortgage and an unregistered officer (Brett

Summitt, VP) as signatory.

70. Defendant SN, Attorney-in-Fact falsely claimed Lender and holder of Plaintiffs Note by

Assignment of Mortgage at the time of Plaintiffs Loan Modification Agreement of

Sept 17, 2008.

71. Defendant SN, as Attorney-in-Fact did have unregistered corporate officer unlawfully

(Joni Yorks) endorse Plaintiffs Loan Modification Agreement on September 17, 2008.

72. Defendants continued to trade the voided Note of Plaintiff in each and every transaction

to present.

73. Pursuant to KSA Article 1-33-101-106. Article 2-2-201-212., Defendants have been

injured Plaintiffs while enriching themselves by trading in Counterfeit Securities using

copies of Plaintiffs voided Note and Mortgage causing damages over $75,000.00.

18

## EIGHTH CAUSE OF ACTION
### Theft of Tendered Negotiable Instrument
**Authority, 28 USC 2041, K.S.A. 84-3-104-113, U.C.C. 3-104-113, 3-604, (1)(2)(3).**

74. Plaintiffs realleges and incorporates by reference paragraphs 1 through 82, above, as Though fully set forth herein.

75. This action of theft of Plaintiffs negotiable instrument as against NYMT and its counsel of record Martin Leigh, PC, and Aaron M. Othmer in particular.

76. On or about June 20, 2019, Pamela Lynn Cummings as Executor and Beneficiary of the PAMELA L. CUMMINGS, ESTATE, did tender in good faith with clean hands to ML a lawful, legal, and Negotiable International Promissory Note (IPN) in the amount of $95,000.00, ID No, RE212338578US, in redemption of the foreclosed property.

77. The Negotiable Instrument (commercial paper) laws are governed by the Uniform Commercial Code Article 3 and Article 9 (UCC) and the Kansas Commercial Code.

78. As stated in the UCC, negotiable instruments must meet certain requirements to be valid.

79. There are five requirements for a IPN to be negotiable (UCC 3-104); 1. The promise or order must be unconditional; 2. The amount of IPN must be a fixed amount (with or without interest). 3; the instrument must be payable to bearer or payable to order; 4. The promise or order must be payable on demand or at a definite time; 5. The promise or order must not state any other "undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money."

80. Defendant, ML was given specific instructions to return IPN in the event the instrument was dishonored.

81. Defendant, ML holds the instrument and has not returned it, thus accepting the tender of payment as discharge of the debt under UCC and Kansas Commercial Code Article 84.

82. Pursuant to 28 USC 2041, KSA 84-3-104-113, U.C.C. 3-104-113, 3-604, (1)(2)(3)

Plaintiffs have been injured by the actions of Defendants including over $75,000.00in

damages.

### NINTH CAUSE OF ACTION
### Lack of Standing as against all Defendants
### U.C.C. Article 3 and Kansas Commercial Code Article 84.

83. Plaintiffs realleges and incorporates by reference paragraphs 1 through 91, above, as

though fully set forth herein.

84. This action is against all Defendants for lack of Standing in all transactions.

85. Defendants have no evidence of Standing to bring a claim against Plaintiff.

86. Defendants were never Persons Entitled to Endorse ("PETE") the Note.

87. Defendants, SN in particular, assigned, sold, and transferred Plaintiffs voidedNote.

88. Pursuant to UCC Article 3 and the Kansas Commercial Code Article 84, Plaintiffs have

been injured by the actions of all Defendants including damages over $75,000.00.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully requests judgment against Defendants as
follows:

a. On First Cause of Action (Breach of Contract), a judgment against all Defendants for
$500,000.00., in damages.
b. On Second Cause of Action (Forgery), a judgment against Defendants SN and MERS
for $1,000,000.00, in damages and civil penalties for the maximum allowed by law.
c. On Third Cause of Action (Misrepresentation of Material Facts) a judgment against
Defendants MERS, BSI, SN, HAM, NYMT-2, and NYMT Loan Financing Trust for
$500,000.00., in damages.
d. On Fourth Cause of Action (Accounting) a judgment against all Defendants for
$500,000.00., in damages.
e. On Fifth Cause of Action (Counterfeit Securities) a judgment against all Defendants for
$1,000,000.00, in damages and imposing civil penalties for the maximum allowed by
law.
f. On Sixth Cause of Action (Unjust Enrichment), a judgment against all Defendants for
$1,000,000.00 for damages.

g. On Seventh Cause of Action (Fraud), a judgment against all Defendants for $2,000,000.00, for damages and imposing civil penalties for the maximum allowed by law.

h. On Eighth Cause of Action (Theft of Tendered Negotiable Instrument), a judgment against Defendant Martin Leigh, P.C., and Aaron M. Othmer for $500,000.00, and imposing civil and criminal penalties for the maximum allowed by law.

i. On Nineth Cause of Action (Lack of Standing), a judgment against all Defendants for $1,000,000.00, for damages.

j. For such further relief that the Court deems just and fair.

All rights reserved without prejudice

*Designated Place of Trial Kansas City*

Respectfully Submitted,

By: Pamela Lynn Cummings                    Date: 12-31-2020
Pamela Lynn Cummings, Executor And
Beneficiary of Trust Name

PAMELA LYNN CUMMINGS
c/o [10940] Parallel Parkway, [#197]
Kansas City, KS state [66109]

## district court of the United States
## district of Kansas

_____

## Certificate of Service

**THIS IS TO CERTIFY** that I have served the below listed Defendants **this Notice of Removal**

**upon the district court of the United States Clerk and,** (x ) by depositing same in the United

States mail (Certified) with Adequate postage,   ( X ) personal service, (      ) facsimile and mail

By: Pamela Lynn Cummings                    Date: 12-31-2020
Pamela Lynn Cummings, Plaintiff, Executor And
Beneficiary of the Trust Name
PAMELA L. CUMMINGS
Mailing Address
c/o [10940]  Parallel Parkway, [#197]
Kansas City, Kansas state [66109]

Defendants

MARTIN LEIGH, PC
Beverly M. Weber, KS Bar #20570
Aaron M. Othmer, KS Bar #27121
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
Telephone: (816) 221-1430
Fax: (816) 221-1044
Email: bmw@martinleigh.com
Email: amo@martinleigh.com

Armstrong Teasdale
Aaron Othmer #27121
Beverly Weber #20570
2345 Grand Blvd Suite 1500
Kansas City, Missouri 64108

Mandi R. Hunter
Hunter Law Group, P.A.
1900 W. 75th Street, Suite 120
Prairie Village, KS 66208
Attorney for MERS, SN, Wells Fargo,
Charles Scharf

Kristi Hill, Clerk of District Court
Wyandotte County, Kansas
710 N. 7th Street
Kansas City, Kansas 66107

David V. Noyce KS#20870
11111 Nall Avenue, Suite 104
Leawood, Kansas 66211
Phone: (913) 800-2021