# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PAMELA L. CUMMINGS,**

    **Plaintiff,**

    **v.**                                    **Case No. 20-2664-JAR-JPO**

**NYMT LOAN FINANCING TRUST, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

On December 31, 2020, Pamela Cummings filed a *pro se* Notice of Removal, purporting to remove this action from the Wyandotte County, Kansas District Court. The original Notice of Removal contains handwritten strikethroughs of the party titles in the caption, changing Cummings' title from Plaintiff to Defendant.[1] Later that day, Cummings filed an Amended Notice of Removal, reflecting that she is the Plaintiff in the state court action.[2] The state court records filed on January 5, 2021, confirm that Cummings is the Plaintiff in Wyandotte County, Kansas Case No. 2020 CV 97.[3]

Federal district courts are required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] To avoid remand, the removing party must establish federal jurisdiction by a preponderance of the evidence.[5] Because federal courts are courts of limited jurisdiction, courts strictly construe federal removal

---

[1] Doc. 1.

[2] Doc. 3.

[3] Doc. 6.

[4] 28 U.S.C. § 1447(c).

[5] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

statutes with a presumption against federal jurisdiction.[6] Courts must follow the inflexible and without exception presumption against federal jurisdiction by denying jurisdiction in all cases where federal jurisdiction does not affirmatively appear in the record.[7] Moreover, courts must resolve doubtful cases in favor of remand.[8] Because Cummings is a *pro se* litigant, the Court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[9] A *pro se* litigant is not excused from complying with the rules of the Court, and is subject to the consequences of noncompliance.[10]

The Court must remand this matter because it plainly lacks subject matter jurisdiction. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending."[11] Cummings may not remove this action because she is a plaintiff in the state court action; removal is only permitted by defendants. Therefore, this Court lacks subject matter jurisdiction and must remand this action.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is remanded for lack of subject matter jurisdiction. The Clerk shall remand this case to the Wyandotte County, Kansas District Court.

**IT IS SO ORDERED.**

---

[6] *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1043, 1047 (D. Kan. 1999) (citations omitted).

[7] *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982).

[8] *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[10] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[11] 28 U.S.C. § 1441(a) (emphasis added).

...

Dated: January 5, 2021

          S/ Julie A. Robinson
          JULIE A. ROBINSON
          CHIEF UNITED STATES DISTRICT JUDGE